**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **CV 19-2626-JFW(PLAx)** | Date:  September 23, 2019 |

Title:   Roy Manojkumar Samathanam -v- Nandasena Gotabaya Rajapaksa

**PRESENT:**

  **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE [filed 8/26/2019; Docket No. 67];

ORDER CONTINUING SCHEDULING CONFERENCE;

ORDER CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) and 12(b)(6), *FORUM NON CONVENIENS*, AND INTERNATIONAL COMITY

On August 26, 2019, Defendant Nandasena Gotabaya Rajapaksa ("Defendant") filed a Motion to Stay Case.  On September 3, 2019 Plaintiffs Roy Manojkumar Samathanam, Ramesh Thevarajan, Vidhya Jayakumar, Ramanan Sivalingam, Shanti Padmanathan, Saman Perera, Nimal Jayasuriya, Vasanthi Ratnasingham, Suresh Jeyabalan, Senthil Puwaneswaran, and Mayuran Rajkumar (collectively, "Plaintiffs") filed their Opposition.  On September 9, 2019, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's September 23, 2019 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

On August 11, 2019, one of Sri Lanka's major political parties nominated Defendant as its presidential candidate for the election scheduled to occur on December 7, 2019.  Defendant moves for a brief stay pending the Sri Lankan presidential election on the basis that, should Defendant become Sri Lanka's head of state, he would be entitled to absolute head-of-state immunity from suit and a brief stay would promote judicial economy and respect principles of international comity.

  A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248 (1936)). When considering whether to stay proceedings, courts consider (1) the possible damage that may result from granting a stay; (2) the hardship or inequity that a party may suffer if required to go forward; and (3) the orderly course of justice, measured in terms of whether issues, proof, and questions of law would likely be simplified or complicated. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

  The Court concludes that a brief stay of this action is appropriate because it would preserve judicial resources, impose no identifiable harm on Plaintiffs, and would avoid unnecessary burdens on Defendant. Accordingly, Defendant's Motion to Stay is **GRANTED**. This action is **STAYED** until **December 16, 2019**.

  The Court **CONTINUES** the Scheduling Conference, currently set for September 30, 2019, to **December 30, 2019 at 1:15 p.m**. The Court **CONTINUES** the hearing date on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6), *Forum Non Conveniens*, and International Comity ("Motion to Dismiss") from October 21, 2019 to **January 13, 2020 at 1:30 p.m.** Plaintiffs shall file their Opposition to Defendant's Motion to Dismiss on or before **December 23, 2019**, and Defendant shall file his Reply on or before **December 30, 2019.**

  IT IS SO ORDERED.